IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MANUEL MARTINEZ-AGUILAR,** | * | |
| **Petitioner** | * | |
| v. | * | **CRIMINAL NO. JKB-17-0589** <br> **CIVIL NO. JKB-21-1957** |
| **UNITED STATES OF AMERICA,** | * | |
| **Respondent.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Pending before the Court is Petitioner Manuel Martinez-Aguilar's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 407.) Petitioner argues that his counsel, who represented him at trial and during his appeal, was constitutionally ineffective for failing to argue that the predicate crime for his 18 U.S.C. § 924(c) conviction is not a crime of violence, and thus that his § 924(c) count was invalid. (*Id.*) For the reasons below, Petitioner's Motion will be denied.

### I.   *Factual Background*

Petitioner entered into a Plea Agreement on January 15, 2019 in which he agreed to plead guilty to two counts: (1) conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One) and (2) using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Eight). (Plea Agreement at 1, ECF No. 109.) The predicate crime for the § 924(c) conviction was Count Seven, attempted murder in aid of racketeering. (*Id.* at 2; Superseding Indictment at 22, ECF No. 46.) Further, the Plea Agreement indicates that Petitioner agreed that he "did unlawfully, knowingly, and

intentionally, attempt to murder Victim-2 and Victim-3, in violation of 18 U.S.C. 1959(a)(5), and did knowingly and intentionally use, carry, and discharge a firearm, or aid and abet such offense, during and relation to a crime of violence, to wit: attempted murder in aid of racketeering." (Plea Agreement at 5–6.)

Petitioner was ultimately sentenced to 288 months' imprisonment and five years' supervised release. (Judgment, ECF No. 159.) Petitioner appealed and the Fourth Circuit concluded that the reasonableness of the sentence fell within the Plea Agreement's appellate waiver and that there were no meritorious grounds for the appeal that fell outside of the scope of the waiver. *See United States v. Martinez-Aguilar*, 797 Fed. Appx. 812 (4th Cir. 2020).

Petitioner now argues that his counsel, who represented him at both the trial and appellate levels, was constitutionally ineffective for failing to argue that the predicate crime for his 18 U.S.C. § 924(c) conviction was not a crime of violence, and thus that his § 924(c) count was invalid.

## II.   Legal Standard

Section 2255 allows a federal prisoner to move to set aside a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner in a Section 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## III.   Analysis

Petitioner argues he received ineffective assistance of counsel because his trial and appellate counsel did not argue that attempted murder under § 1959(a)(5) is not a crime of violence, and therefore could not serve as the predicate offense for his § 924(c) violation. Petitioner argues

that § 1959(a)(5), which prohibits "attempting or conspiring to commit murder or kidnapping," is not divisible and is categorically not a crime of violence under § 924(c)(3)(A). (Reply at 2, ECF No. 421.) The Court concludes that attempted murder under § 1959(a)(5) is a crime of violence.

### A. *Attempted Murder Under Section 1959(a)(5) is a Crime of Violence*

Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c)(3)(A), a crime is one of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[1]

Attempted murder is a crime of violence. First, murder is a crime of violence. *See United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548, 554 (D. Md. 2016) (cautioning against "absurd results" and finding that murder under Maryland law constitutes a crime of violence under § 924(c)(3)(A)). Second, the attempt to commit a crime of violence is itself a crime of violence. As the Fourth Circuit has recently explained:

> [A]n attempt to commit a substantive crime that itself requires the use of physical force likewise necessarily involves the attempted use of force and so, too, qualifies as a categorical crime of violence . . . . [I]t is settled in this circuit that murder qualifies as a crime of violence under the force clause because it requires such a use of force.

*United States v. Williams*, 834 F. App'x 6 (4th Cir. 2021), *cert. denied*, 141 S. Ct. 2582 (2021) (quotations and citations omitted) (citing United States v. Taylor, 979 F.3d 203, 206 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 2882 (2021)); *see also United States v. Villegas*, 777 F. App'x 660, 661 (4th Cir. 2019), *cert. denied sub nom. Cruz v. United States*, 141 S. Ct. 91 (2020) (concluding that "attempted murder under Virginia law constitutes a crime of violence under the force clause"); *United States v. Shepard*, 741 F. App'x 970, 972 (4th Cir. 2018) (attempted murder under South

---

[1] Under § 924(c)(3)(B), a crime is also a crime of violence if it "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Supreme Court has held that this clause is unconstitutionally vague. *U.S. v. Davis*, 139 S. Ct. 2319 (2019). Therefore, a crime is one of violence only if it qualifies as such under § 924(c)(3)(A).

3

Carolina law is a crime of violence).

Petitioner urges this Court to find that attempted murder under § 1959(a)(5) is not a crime of violence. His only argument in support of this contention is that § 1959(a)(5) is not divisible and the Fourth Circuit has concluded that conspiracy to commit murder under that statute is not a crime of violence. (*See* Reply at 2 (citing *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018)).) The Court concludes that § 1959(a)(5) is divisible and that *McCollum* only held that conspiracy to commit murder, not attempted murder, under § 1959(a)(5) is not a crime of violence.

First, Petitioner cites no authority for the position that § 1959(a)(5) is not divisible. Supreme Court and Fourth Circuit precedent suggests that it is. *See United States v. Collins*, 808 F. App'x 131, 134 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1080 (2021) (quotations and citations omitted) (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016)) (explaining that a "statute setting forth a single set of elements" is an indivisible statute and one "list[ing] elements in the alternative, and thereby defin[ing] multiple crimes" is divisible). Second, although in *McCollum*, the Fourth Circuit concluded that conspiracy to commit murder under § 1959(a)(5) did not constitute a crime of violence, the Fourth Circuit's opinion does not suggest that this conclusion extends to attempted murder under that statute. *See* 885 F.3d at 307–09 (limiting discussion to conspiracy under § 1959(a)(5)).

As a court in this circuit has explained in finding that attempted murder in aid of racketeering is a crime of violence under § 924(c):

> Section 1959(a) describes multiple separate offenses including attempt to commit murder and conspiracy to commit murder. [Petitioner] was charged with only one of those crimes: attempted murder. It has been established that § 1959(a) is divisible by subsections, *see Cousins v. United States*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016), and the Fourth Circuit's analysis in *McCollum*, 885 F. 3d at 307–09, exclusively discussing conspiracy and not attempt, suggests that it is divisible by clauses as well. This conclusion is strengthened by *Mathis v. United States*, 136 S. Ct. 2243 (2016), in which the Supreme Court permitted federal judges to look at

4

the record itself to determine "whether the listed items are elements of the offense." *Id.* at 2256–57.

*Gordillo Portocarrero v. United States*, Crim. No. 110-000661-LMB, 2019 WL 181119, at *8 (E.D. Va. Jan. 11, 2019).

Accordingly, because attempted murder is a crime of violence and because § 1959(a)(5) is divisible, Petitioner's predicate offense for his § 924(c) violation—attempted murder in violation of § 1959(a)(5)—is a crime of violence.

### B. *Petitioner Did Not Receive Ineffective Assistance of Counsel*

To prove ineffective assistance of counsel, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984). "A lawyer's performance is entitled to a strong presumption of reasonableness." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Ultimately, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

As discussed above, Petitioner's argument that attempted murder under § 1959(a)(5) is not a crime of violence under § 924(c)(3)(A) is unavailing. Petitioner cannot show that his counsel's representation was deficient when his counsel did not raise a meritless argument. *See United States v. Anthony*, 149 F. App'x 135, 136 (4th Cir. 2005) ("Because any objection would have been meritless, we also reject [Petitioner's] claim that his counsel rendered ineffective assistance for

failing to assert a meritless objection in the district court.").

### IV. Conclusion

Accordingly, for the reasons set forth in the foregoing Memorandum, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 407) will be denied.

DATED this 27 day of December, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge